UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
|---|---|---|---|
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Eric Mercer | David Newman |

**Proceedings:**    DEFENDANT'S MOTION TO DISMISS (Dkt. 11, filed January 22, 2018)

## I.   INTRODUCTION

On October 6, 2017, plaintiffs Walter H. Hackett, III and Lorinda D. Hackett filed the instant action against defendants Wells Fargo Bank, N.A. ("defendant"), and Does 1 through 10 inclusive. Dkt. 1 ("Compl."). The gravamen of the complaint is that Wells Fargo failed to properly review plaintiffs' requests for loan modifications. Plaintiffs assert claims for (1) violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d)(1); (2) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f), 12 C.F.R. §§ 1024.41, 1024.35, 1024.36; (3) negligence in violation of Cal. Civ. Code § 1714; and (4) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200. See Compl.

On January 22, 2018, Wells Fargo filed a motion to dismiss, dkt. 11 ("Motion"), and a request for judicial notice of plaintiffs' deed of trust and the docket in plaintiffs' Chapter 13 case, dkt. 12.[1] On February 12, 2018, plaintiffs filed an opposition, dkt. 15 ("Opp'n"), in addition to objections to Wells Fargo's request for judicial notice, dkt. 16 ("Objection"). On February 20, 2018, Wells Fargo filed a reply.[2] Dkt. 18 ("Reply"). On March 2, 2018, plaintiffs filed a response to Wells Fargo's reply.[3] Dkt. 19 ("Response").

---

[1]    Because the Court does not rely on plaintiff's deed of trust or the Chapter 13 bankruptcy docket in reaching its conclusions, the Court declines to judicially notice these documents.

[2]    In opposition, plaintiffs assert that Wells Fargo failed to meet and confer prior to filing the instant motion, as required by Local Rule 7–3. Specifically, under Local Rule 7–3, parties contemplating the filing of a motion must contact and discuss the motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

On March 5, 2018, the Court held oral argument. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts.

Plaintiffs maintain their principal and family residence at the real property located at 3316 East Hiltonia Drive, West Covina, California 91792 (the "Subject Property"). Compl ¶¶ 6–7. Wells Fargo is the current servicer of plaintiffs' mortgage with respect to the Subject Property. Id. ¶ 8.

Plaintiffs obtained a loan ("Subject Loan") with respect to the Subject Property.[4] Beginning in the summer of 2006, plaintiffs allege that W. Hackett was "summarily terminated" by his employer and thereafter sought various types of work as a banking consultant and as an attorney. Id. ¶ 26. Due to a significant reduction in income, plaintiffs sought bankruptcy protection and filed a Chapter 13 petition in July 2010. Id. Plaintiffs' petition was dismissed. Id. ¶ 29. Plaintiff filed a second Chapter 13 petition in the fall of 2010—which was also dismissed—and plaintiff filed a third and final Chapter 13 petition in May 2012. Id.

Plaintiffs assert that they contacted Wells Fargo in 2013 and requested review for a loan modification. Id. ¶ 34. Wells Fargo offered plaintiffs a temporary modification, but plaintiffs informed them telephonically and in writing that they would need the loan to be permanently modified in order to keep the loan current. Id.

In January 2013, plaintiffs allegedly sought a permanent modification of the subject loan with assistance from their bankruptcy attorney. Id. ¶ 35. Wells Fargo

---

with opposing counsel at least seven days prior to filing. C.D. Cal. L.R. 7–3. The Court determines Wells Fargo's motion on the merits, and the Court (1) admonishes all parties to abide by the Local Rules in future proceedings, and (2) warns all parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions. See id.

[3] Plaintiffs request sanctions after "exhausting all attempts to meet and confer" regarding the "new arguments" raised in Wells Fargo's reply. The Court **DENIES** plaintiffs' request for sanctions.

[4] Plaintiffs do not specifically identify the Subject Loan and when it originated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

allegedly failed to respond in writing within thirty days after receipt of the application. Id.  In a letter dated October 3, 2013, plaintiffs allege that Wells Fargo advised plaintiffs that its investor would not permit permanent modification of loans.  Id. ¶ 36.  Plaintiffs believe that this representation is false, and that there is no investor restriction on loan modification.  Id.

In a separate October 3, 2013 letter, Wells Fargo allegedly offered a "Forbearance Agreement," which called for three payments of $1,543.77 beginning November 14, 2013.  Id. ¶ 37.  Plaintiffs executed this agreement and allege that they made all payments in accordance with the Forbearance Agreement.  Id.  In April 2014, Wells Fargo allegedly offered a six-month temporary loan modification, and plaintiffs allege that they made timely payments.  Id. ¶ 38.

In June 2015, plaintiffs again requested a permanent loan modification because W. Hackett allegedly suffered brain damage and was unable to work as an attorney or as a banker.  Id. ¶ 39.  In July 2015, plaintiffs submitted all information requested by Wells Fargo to determine whether they qualified for a loan modification—yet plaintiffs allege that Wells Fargo failed to respond.  Id. ¶ 40.  Furthermore, plaintiffs allege that Wells Fargo failed to evaluate and make a determination of plaintiffs' loan modification applications—or, "applications for credit" as defined by 15 U.S.C. section 1691a(d)—within 30 calendar days.  Id. ¶¶ 56–58, 76.

Plaintiffs allege that they sent a request for information ("RFI") to Wells Fargo on January 29, 2016, that Wells Fargo received the request on February 1, 2016, and that in a February 5, 2016 letter, Wells Fargo "failed to acknowledge receipt" of the RFI.  Id. ¶¶ 41–43, 86.  In the RFI, plaintiffs allegedly requested the documents that Wells Fargo relied on in reaching its determination that no error occurred in its denial of plaintiffs' request for a loan modification.  Id. ¶ 86.  On February 15, 2016, Wells Fargo allegedly responded to plaintiffs' RFI, yet plaintiffs assert that it failed to provide a complete response and failed to provide answers concerning investor restrictions preventing loan modification within thirty days of plaintiffs' RFI.  Id. ¶¶ 45–46, 87–88.  In an October 2016 letter, Wells Fargo allegedly stated that it needed additional time.  Id. ¶ 48.

Plaintiffs allege that they have been attempting to obtain a fair review for loan modification from defendants for almost four years, yet Wells Fargo has reacted with "disdain, inaction, obfuscation, and apathy."  Id. ¶ 49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss v. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
|---|---|---|---|
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Wells Fargo contends that plaintiffs' claims should be dismissed with prejudice, as no state or federal law affords plaintiff any relief to "second-guess" Wells Fargo's business decisions. Motion at 1.

### A. Plaintiffs' Claims for Violation of 15 U.S.C § 1691(d)(1)

Plaintiffs allege that they provided Wells Fargo with completed loan modification applications in January 2013 and July 2015, and that Wells Fargo failed to evaluate plaintiffs' applications and failed to respond to plaintiffs in writing within 30 calendar days in violation of the Equal Credit Opportunity Act ("ECOA"). Compl. ¶¶ 57–58.

Wells Fargo argues that plaintiff's claim under ECOA fails because the claim is (1) time-barred and (2) plaintiffs fail to demonstrate eligibility for ECOA protection because they fail to allege the essential elements of a discrimination claim under ECOA.[5] Id. at 2.

ECOA "makes it illegal 'for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction...on the basis of race, color, religion, national origin, sex or marital status or age.' " Schlegel v. Wells Fargo Bank, 720 F.3d 1204, 1210 (9th Cir. 2013) (quoting 15 U.S.C. § 1691(a)(1)). As relevant here, ECOA requires that when a creditor takes adverse action, "[w]ithin thirty days … after receipt of a completed application for credit,[6] a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). Moreover, "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). An "adverse action" is a "denial or revocation of credit, a change in the terms of existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where

---

[5] Wells Fargo concedes the timeliness of plaintiffs' ECOA claim in its Reply. Reply at 1. Accordingly, the Court need not reach the issue of timeliness.

[6] Plaintiffs allege in their complaint that their "applications for loan modification were applications for credit as defined by 15 U.S.C. § 1691a(d)." Compl. ¶ 56 (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

the applicant is delinquent or otherwise in default …." 15 U.S.C. § 1691(d)(6). When a creditor fails to give the required notice of taking an adverse action, the applicant may sue for a violation of ECOA. Schlegel, 720 F.3d at 1210.

Plaintiffs argue that they are bringing a *notice* claim—not a discrimination claim—under ECOA. Opp'n at 5. The Court observes that numerous district courts have found that failure to comply with ECOA's notice provisions gives rise to a distinct notice claim under the statute. See Errico v. Pac. Capital Bank, N.A., 753 F. Supp. 2d 1034, 1042 (N.D. Cal. 2010) (citing Dufay v. Bank of America, 94 F.3d 561 (9th Cir. 1996)); Vasquez v. Bank of Am., N.A., No. 13-CV-02902-JST, 2013 WL 6001924, at *11 (N.D. Cal. Nov. 12, 2013) ("The Federal Reserve regulations implementing ECOA appear to have two distinct requirements: a bar on discrimination in lending and a separate set of procedural notice and response requirements."). Accordingly, plaintiffs are entitled to assert a claim for violation of ECOA's notice provisions.

Plaintiffs contend that Wells Fargo failed to provide the requisite "30-day notice" in response to plaintiffs' loan modification applications, and that nothing else is required to state a notice claim under the applicable sections of ECOA. Id. at 4–5. Moreover, plaintiffs argue that regardless of whether an applicant is in default, an applicant is entitled to notice from the creditor regarding action on a loan application. Response at 3–4. At oral argument, plaintiffs' counsel further argued that no district court has yet ruled that section 1691(d)(6)—which provides that "adverse action" does not include a refusal to extend additional credit when an applicant is delinquent or otherwise in default—exempts a servicer from ECOA's 30-day notice provision, as set forth in section 1691(d)(1), with respect to applicants who are delinquent or in default.

Yet, as noted *supra*, ECOA's 30-day notice requirements do not apply to a creditor's refusal to provide a loan modification to applicants in default—a creditor must provide notice only when it initiates an "adverse action" against an applicant, and the term "adverse action" does *not* include "a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default." 15 U.S.C. § 1691(d)(6); see Perryman v. JPMorgan Chase Bank, N.A., No. 16-CV-00643-LJO-SKO, 2016 WL 4441210, at *8 (E.D. Cal. Aug. 23, 2016) ("ECOA's notice requirements do not apply to a creditor's refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent … Hence, where an applicant is already in default, no notice is required as to a modification request pertaining to that loan."); Vasquez, 2013 WL 6001924, at *12 (finding that because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

plaintiff was in default at the time of her loan modification request, ECOA's notice requirement did not apply to the servicer's refusal to extend additional credit to the plaintiff). Moreover, the applicable regulation—12 C.F.R. section 202.9—clarifies that a creditor shall notify an applicant of an action taken within "30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application." 12 C.F.R. § 202.9(a)(1)(i); see Smith v. Wells Fargo Bank, N.A., No. 15-CV-01779-YGR, 2016 WL 283521, at *7 (N.D. Cal. Jan. 25, 2016) (citing section 202.9(a)(1)(i) and finding that the ECOA notification provision did not apply to the plaintiff, who was in default at the time of the loan modification application). In turn, the regulation that sets forth the applicable definitions to section 202.9 states that "adverse action…does not include…[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. § 202.2(c)(2)(ii). To the extent that ECOA is ambiguous about whether notification is required under section 1691(d)(1) to an applicant who is in default, the implementing regulations clarify that no noticed is required in that circumstance. See Smith, 2016 WL 283521, at *7 (collecting cases).

Here, it appears that plaintiffs were in default at the time they submitted their loan modification applications. Plaintiffs allege that, as a result of Wells Fargo's breach of duty of care in reviewing their modification applications, they were caused to "forego other options for *addressing the default* and/or unaffordable mortgage payments." Compl. ¶ 97 (emphasis added). Moreover, plaintiffs allege that Wells Fargo promised to review plaintiffs' modification applications, but "instead *proceeded with the foreclosure process* on the Subject Property." Id. ¶ 102 (emphasis added). Absent allegations that Wells Fargo revoked its Forbearance Agreement or the April 2014 six-month temporary modification, plaintiffs' allegations demonstrating default prevent plaintiffs from asserting a notice claim under ECOA.

Therefore, because plaintiffs' allegations demonstrate that they were in default at the time they submitted their 2013 and 2015 loan modification applications, they are not entitled to the protections of the notice provisions under ECOA. Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss as to plaintiffs' first claim for violation of ECOA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

**B.  Plaintiffs' Claims for Violations of the Real Estate Settlement Procedures Act**

Plaintiffs allege that they provided Wells Fargo with a complete request for loan modification during July 2015, and that Wells Fargo failed to evaluate and make a determination on plaintiffs' application within 30 days and failed to acknowledge that plaintiffs' application was complete.  Compl. ¶¶ 57, 75–76.

As an initial matter, Wells Fargo asserts that plaintiffs fail to allege actual damages arising from the alleged violations, and because any damage suffered was caused by their default on the loan that happened years before the alleged Real Estate Settlement Procedures Act ("RESPA") violations, plaintiffs' RESPA claims must be dismissed as a matter of law.  Id. at 6–7.

In opposition, plaintiffs argue that Wells Fargo cites to cases that were all decided *before* new rules were issued under RESPA—in particular, the promulgation of 12 C.F.R. § 1024.41, "Regulation X," effective January of 2014.[7]  Opp'n at 16.  Moreover, plaintiffs assert that they allege actual damages and that their allegations regarding emotional distress are sufficient to state damages under RESPA.  Id. at 17–18.

The Court observes that the "Ninth Circuit has not decided whether emotional distress can constitute 'actual damages' for purposes of § 2605(f), and cases are split." Ponds v. Nationstar Mortg., LLC, No. CV158693-DMG-JPRX, 2016 WL 3360675, at *6 (C.D. Cal. June 3, 2016) (quoting Phillips v. Bank of Am. Corp., No. 5:10-CV-04561-EJD, 2011 WL 4844274, at *5 (N.D. Cal. Oct. 11, 2011) (collecting cases)).  Numerous district courts in this Circuit have considered allegations of emotional harm sufficient to recover actual damages under RESPA.  See Vethody v. Nat'l Default Servicing Corp., No. 16-CV-04713-HRL, 2017 WL 3335970, at *2, n.1 (N.D. Cal. Aug. 4, 2017); Ponds, 2016 WL 3360675, at *6; Phillips, 2011 WL 4844274, at *5 (collecting cases); see also

---

[7]  During January 2014, new regulations went into effect through the Dodd–Frank Wall Street Reform and Consumer Protection Act of 2010.  Pub.L. No. 111–203, 124 Stat. 1376 (July 21, 2010) ("Dodd–Frank Act").  The regulations increase a loan servicer's obligations to respond to certain written requests.  These regulations were promulgated pursuant to RESPA, are known as "Regulation X," and are codified at 12 C.F.R. § 1024.  See Guccione v. JPMorgan Chase Bank, N.A., No. 3:14-CV-04587 LB, 2015 WL 1968114, at *8 (N.D. Cal. May 1, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

Lucero v. Cenlar FSB, No. 13-CV-0602-RSL, 2016 WL 337221, at *4 (W.D. Wash. Jan. 28, 2016) (" 'Actual damages' recoverable under RESPA include compensation for both economic losses and emotional distress."). Moreover, the Court finds that nothing in the text of RESPA or binding case law indicates that allegations of emotional distress are insufficient to establish "actual damages." See Ponds, 2016 WL 3360675, at *6; Marquette v. Bank of Am., N.A, No. 13-CV-2719-WQH-JMA, 2015 WL 461852, at *14 (S.D. Cal. Feb. 4, 2015); Houston v. U.S. Bank Home Mortg. Wis. Servicing, 505 Fed. Appx. 543, 548 n.6 (6th Cir. 2012) ("We find nothing in the text of § 2605(f), or in RESPA more broadly, to preclude 'actual damages' from including emotional damages, provided that they are adequately proven."). Accordingly, the Court concludes that plaintiffs sufficiently allege actual damages insofar as they allege emotional distress in the form of anxiety, stress, concern, and worry about the status of their loan modification applications. Compl. ¶¶ 49, 81, 90.

Because plaintiffs sufficiently allege damages with respect to their RESPA claims, the Court addresses the adequacy of each claim in turn.

### 1. Violations of 12 C.F.R. § 1024.41

As set forth *supra*, plaintiffs allege that they provided Wells Fargo with a complete request for loan modification in January 2013 and July 2015, and that Wells Fargo failed to evaluate and make a determination on plaintiffs' July 2015 application within 30 days and failed to acknowledge that plaintiffs' application was complete. Compl. ¶¶ 57, 75–76.

Wells Fargo argues that plaintiffs are not entitled to protection under section 1024.41 because that section applies only to "a single" complete application, i.e., the *first* application, and not additional or multiple applications. Motion at 4. Wells Fargo contends that dismissal is warranted because the July 2015 application was not the first application that plaintiffs submitted to Wells Fargo given the prior application that plaintiffs submitted in January 2013. Id. at 5.

In opposition, plaintiffs argue that section 1024.41(i) has never applied to facts that occurred prior to January 10, 2014—the original effective date of the regulation. Opp'n at 8.

In pertinent part, section 1024.41 provides that upon receipt of a loss mitigation application, the servicer shall send written notification within five days notifying the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

applicant that the application is either complete or incomplete. 12 C.F.R. § 1024.41(b)(2)(i). Effective until October 19, 2017, the section also provided that "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. § 1024.41(i).

Wells Fargo contends that the reasoning in Kirkpatrick v. Wells Fargo Bank, N.A. warrants dismissal of plaintiffs' claim for violation of section 1024.41. See Kirkpatrick v. Wells Fargo Bank, N.A., No. 16-CV-1600074-CJC-KES, 2016 WL 7496757, at *2 (C.D. Cal. June 28, 2016), aff'd, 699 F. App'x 751 (9th Cir. 2017). In Kirkpatrick, the Court determined that because the plaintiffs had filed two loan modification applications—one in February 2015 and one in April 2015—the servicer was only required to comply with the requirements set forth in section 1024.41 for plaintiffs' *first* modification request in light of subdivision 1024.41(i), which provides that a loan servicer must comply with section 1024.41's requirements for a *single* complete application. See Kirkpatrick, 2016 WL 7496757, at *2. Indeed, plaintiffs allege here that they applied for two loan modifications. Yet plaintiffs applied for their first loan modification in January 2013—*before* section 1024.41 went into effect in January 2014—and applied for their second modification in June 2015. Compl. ¶¶ 35, 39. Wells Fargo contends that because plaintiffs' 2015 application was their *second* complete application, their claim for violation of RESPA is barred since section 1024.41 "negates the protections of RESPA" for their *second* application. Reply at 3–4.

The Court, however, is not persuaded. First, the Ninth Circuit has stated that RESPA's provisions relating to loan servicing procedures should be "construed liberally" to serve the statute's remedial purpose. Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 665–66 (9th Cir. 2012). Second, and with this in mind, it would be unreasonable to conclude that Wells Fargo could have complied with section 1024.41's loan evaluation requirements with respect to plaintiffs' 2013 application, before the new requirements went into effect. This is particularly true given that section 1024.41 contains no express language evincing an intent that its requirements should apply retroactively to transactions prior to January 2014. See Shaw v. Specialized Loan Servicing, LLC, No. 14-CV-00783-MMM-MRW, 2014 WL 12586435, at *7 (C.D. Cal. Sept. 12, 2014) (finding that section 1024.41 did not apply retroactively and therefore its requirements did not apply to a December 2013 loan modification application). As numerous other federal district courts have concluded, the Court finds that Wells Fargo was obligated to comply with the requirements of section 1024.41 at least once after the section became

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

effective. See Schroeder v. Nationstar Mortg., LLC, No. 16-1561-RAJ, 2017 WL 2483248, at *2 (W.D. Wash. June 8, 2017); Dionne v. Fed. Nat'l Mortg. Ass'n, No. 15-CV-56-LM, 2016 WL 6892465, at *4 (D. N.H. Nov. 21, 2016); Billings v. Seterus, Inc., 170 F. Supp. 3d 1011, 1015 (W.D. Mich. 2016); Bennett v. Bank of Am., N.A., 126 F. Supp. 3d 871, 884 (E.D. Ky. Aug. 26, 2015).

Accordingly, the Court finds that Wells Fargo was obligated to comply with section 1024.41's notice requirements when it reviewed plaintiffs' June 2015 application, which was plaintiffs' first loan modification application after section 1024.41 became effective.[8] Given that Wells Fargo only challenges plaintiffs' section 1024.41 claim on the grounds that section 1024.41 does not apply to plaintiffs' 2015 application, and because the Court finds Wells Fargo's arguments unpersuasive on this matter, the Court **DENIES** Wells Fargo's motion to dismiss plaintiffs' claim for violations of section 1024.41.

### 2.     Violations of 12 C.F.R. §§ 1024.35, 1024.36

Plaintiffs allege that they "sent a [notice of error] and/or an RFI" to Wells Fargo on or about January 29, 2016 and in late February 2016, which included a request for all documents relied upon in reaching a "determination that no error occurred." Compl. ¶ 86. Plaintiffs' written requests also included a notice of error ("NOE") regarding the "failure to provide accurate information to a borrower regarding loss mitigation options." Id. ¶ 86. Plaintiffs assert that Wells Fargo failed to correct the errors identified in their NOE, failed to conduct a reasonable investigation and provide written notification within 30 days that no error occurred, failed to provide information or conduct a reasonable investigation for the requested information, and failed to provide written notification within 30 days explaining why requested information was not available. Id. ¶¶ 87–88. Plaintiffs allege that this conduct violated the requirements set forth in 12 C.F.R. sections 1024.35 and 1024.36. Id. ¶¶ 84–85.

---

[8]     Because the Court finds that Wells Fargo was obligated to abide by section 1024.41's requirements with respect to plaintiffs' July 2015 loan modification application, the Court need not address the parties' arguments concerning the retroactivity of section 1024.41's October 17, 2017 amendments, which extended section 1024.41's protections to subsequent loan modification applications under certain circumstances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

Wells Fargo contends that plaintiffs' claim for violations of sections 1024.35 and 1024.36 fails because Wells Fargo responded to plaintiffs' RFI on February 5, 2016. Motion at 5–6. It contends that all that is required in response to an RFI is a response sent within five days that acknowledges receipt of the RFI. Id. at 6 (citing Meeks v. Ocwen Loan Servicing LLC, 681 Fed. Appx. 791, 793 (11th Cir. March 1, 2017)).

In opposition, plaintiffs contend that RESPA places a duty on loan servicers to respond to borrower requests, and that Wells Fargo violated sections 1024.35(e) and 1024.36(d) by failing to "correct the error or conduct a reasonable investigation" and failing to provide notice that "no error occurred within 30 days." Opp'n at 15.

Section 1024.35 states in relevant part that, in response to an NOE, within 30 days a servicer must correct the errors and provide notice of the corrections, or conduct a reasonable investigation and provide the borrower with a written notification that includes a statement that the servicer has determined that no error occurred. 12 C.F.R. § 1024.35(e). Moreover, section 1024.36 states that, in response to an RFI, a servicer must either provide the borrower with the requested information or conduct a reasonable search for the requested information within 30 days after the servicer receives the request. 12. C.F.R. § 1024.36(d).

In light of plaintiffs' allegations that they sent an NOE and RFI to Wells Fargo on or about January 29, 2016 and in late February 2016, Wells Fargo was obligated to respond to these requests within 30 days with any of the following: a correction of error, plaintiffs' requested information, or a reasonable investigation coupled with written notifications. See 12 C.F.R. §§ 1024.35, 1024.36. Yet, plaintiffs assert that Wells Fargo failed to correct the errors identified in the NOE, failed to conduct a reasonable investigation and provide written notification within 30 days that no error occurred, failed to provide information or conduct a reasonable investigation for the requested information, and failed to provide written notification within 30 days explaining why the requested information was not available. Id. ¶¶ 87–88. Moreover, nothing in the record demonstrates that Wells Fargo responded to plaintiffs' second request in late February 2016, and nothing in the record demonstrates whether Wells Fargo conducted a reasonable investigation in response to any of plaintiffs' requests. Instead, plaintiffs allege that Wells Fargo responded to the January 29, 2016 request by letter, that it "failed to acknowledge receipt of the RFI," and that it "failed to provide a complete response." Compl. ¶¶ 43–45. Viewing the allegations in the light most favorable to plaintiffs, the Court concludes that plaintiffs state a claim for relief under RESPA. Accordingly, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. |

Court **DENIES** Wells Fargo's motion to dismiss plaintiffs' claim for violations of sections 1024.35 and 1024.36.

### C. Plaintiffs' Claim for Negligence

Plaintiffs allege that Wells Fargo had a duty to exercise reasonable care in considering plaintiffs' application for a loan modification and that Wells Fargo breached this duty. Compl. ¶¶ 93–97. In particular, plaintiffs allege that Wells Fargo failed to timely review the applications and failed to properly calculate plaintiffs' income. Id. ¶¶ 94, 96.

Wells Fargo argues that plaintiffs' claim for negligence fails because Wells Fargo did not owe plaintiffs a duty of care in connection with loan servicing, modification, and foreclosure. Motion at 7.

In opposition, plaintiffs assert that under certain circumstances, a servicer owes a duty of care to a borrower. Opp'n at 20. Plaintiffs contend that Wells Fargo owed a duty to exercise reasonable care *once it agreed to consider* plaintiffs' loan modification application. Id. at 21–22 (citing Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941, 944 (2014)).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Ass'n., 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991). Rather, "[l]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." Id. (citations omitted). In order to determine whether a duty of care exists in particular circumstances, California courts balance the factors set forth in Biakanja v. Irving, 49 Cal. 2d 647 (1958). Those factors are: (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. Biakanja, 49 Cal. 2d at 650.

At present, there is a split of authority among California courts regarding whether a financial institution owes borrowers a duty of care in processing loan modification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

applications. In particular, two California Court of Appeal cases recently reached different conclusions on this issue.

In the first of these cases, Lueras v. BAC Home Loans Servicing, LP, the court reasoned that the Biakanja factors "do not support imposition of a common law duty to offer or approve a loan modification." 221 Cal. App. 4th 49, 67 (Cal. Ct. App. 2013). Accordingly, the court concluded that lending institutions "[do] not have a common law duty of care to offer, consider, or approve a loan modification, or to offer ... alternatives to foreclosure." Id. at 68.

A year later, in Alvarez v. BAC Home Loans Servicing, LP, a different panel of the California Court of Appeal concluded that lending institutions owe a duty to exercise reasonable care in processing and reviewing plaintiffs' loan modification applications. 228 Cal. App. 4th 941, 948 (Cal. Ct. App. 2014). In particular, the panel in Alvarez acknowledged Nymark's general rule that a financial institution does not owe a duty of care to a borrower when acting within the scope of its conventional role as a mere lender of money, yet it concluded that, when a lending institution *voluntarily agrees* to consider modification of a borrower's loans, the Biakanja factors weigh in favor of a duty. Id. at 948.

Here, the Court finds the reasoning of Lueras persuasive and concludes that Wells Fargo did not owe a duty of care to plaintiffs in considering their applications for loan modifications, absent allegations from plaintiffs that Wells Fargo exceeded the scope of its conventional role as a lender. See Griffin v. Green Tree Servicing, LLC, 2015 WL 10059081 (C.D. Cal. Oct. 1, 2015) (Morrow, J.) (finding no duty of care and stating: "The court agrees with the California Court of Appeal in Lueras and the Ninth Circuit in Benson and Deschaine that there is no principled way to distinguish the process of applying for an original loan from the process of applying for a loan modification; both involve activities clearly within the conventional role of mere lenders of money."); Carbajal v. Wells Fargo Bank N.A., Inc., 2015 WL 2454054 at *7 (C.D. Cal. Apr. 10, 2015) ("The Court concludes that Wells Fargo was acting as a conventional lender of money when it accepted and considered applications seeking to modify Plaintiff's loan terms; therefore, Wells Fargo did not owe Plaintiff a duty of care when reviewing the applications.").[9] Though there are circumstances in which a loan servicer may owe a

---

[9] At oral argument, plaintiff's counsel argued that the recent California Court of Appeal decisions in Rossetta v. CitiMortgage, Inc., 18 Cal. App. 5th 628 (Ct. App. 2017)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

duty of care in reviewing a loan modification application, the Court observes that plaintiffs do not allege those circumstances here. See, e.g., Carrillo v. Wells Fargo, No. 16-CV-02330-VAP-KKX, 2017 WL 1234210, at *5 (C.D. Cal. Mar. 30, 2017) (concluding that a loan servicer did not owe a duty of care to plaintiffs in reviewing a modification application, in part because plaintiffs failed to allege that the loan was predatory or that the servicer's delay in processing the loan was "closely connected" to plaintiffs' delinquency); Ko v. Bank of Am., N.A., No. 15-CV-00770-CJC-DFMX, 2015 WL 6134350, at *10 (C.D. Cal. Oct. 19, 2015) (finding that a duty of care existed when a loan servicer required a borrower to default on the mortgage before it would review a loan modification application); Hernandez v. Select Portfolio, Inc., No. 15-CV-01896-MMM-AJWX, 2015 WL 3914741, at *22 (C.D. Cal. June 25, 2015) (dismissing negligence claim against a loan servicer, but providing leave to amend for negligent misrepresentation claim insofar as the loan servicer misrepresented the status of the loan modification application).

In light of plaintiffs' allegations that Wells Fargo was untimely in reviewing their applications and that it miscalculated their income, and absent special circumstances or other facts giving rise to a duty of care, the Court finds that plaintiffs fail to state a claim for negligence. Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss plaintiffs' fourth claim for negligence.

---

and Daniels v. Select Portfolio Servicing, Inc., 246 Cal. App. 4th 1150 (2016) warrant a finding that Wells Fargo owed a duty of care to plaintiffs during its review of their loan modification applications. The reasoning in Rossetta and Daniels, however, does not materially depart from the reasoning set forth in Alvarez, and therefore does not alter the Court's reasoning in reaching the conclusion that (1) Lueras is more persuasive and (2) plaintiffs fail to adequately allege special circumstances demonstrating that Wells Fargo owed them a duty of care in considering their loan modification applications. See Rossetta, 18 Cal. App. 5th 628 at 640 (finding the reasoning in Alvarez persuasive and concluding that the defendant loan servicer owed a duty of care to plaintiff under the Biakanja factors) (citing Alvarez, 228 Cal. App. 4th at 949); Daniels, 246 Cal. App. 4th at 1181 (finding that the Biakanja factors warranted a finding that the defendant servicer owed a duty of care to the plaintiff in reviewing plaintiff's loan modification application).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

### D. Plaintiffs' Claims for Unfair Business Practices

Plaintiffs allege that Wells Fargo's conduct was unlawful under the UCL insofar as it violates ECOA and RESPA. Compl. ¶ 101. Plaintiffs further allege that Wells Fargo's conduct was unfair insofar as Wells Fargo promised—but failed—to complete review of plaintiffs' applications for loan modifications, and that it "routinely made false statements" and failed to provide meaningful information, all in violation of the UCL. Compl. ¶ 102–103.

Wells Fargo argues that plaintiffs lack standing to allege a UCL claim, since a private plaintiff must make a "two-fold showing" demonstrating injury in fact and a loss of money or property caused by the unfair competition. Motion at 12. Wells Fargo contends that plaintiffs have failed to make this showing because they do not demonstrate that they lost money or property *as a result* of an alleged UCL violation, and it argues that the UCL only provides for recovery of restitution, not damages. Id.

### 1. Whether Plaintiffs Have Standing under the UCL

The UCL requires that plaintiffs suffer an injury "as a result of" unfair competition. Cal. Bus. & Prof. Code § 17204. "A plaintiff suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim." Marilao v. McDonald's Corp., 632 F. Supp. 2d 1008, 1012 (S.D. Cal. 2009) (citing Hall v. Time Inc., 158 Cal. App. 4th 847, 855 (2008)). "This statutory limitation requires that a plaintiff show he has suffered losses capable of restitution," as restitution and an injunction are the only remedies available for violation of the UCL. Small v. Mortgage Electronic Registration Systems, Inc., Nos. 09-cv-0458, 2:10-cv-0342, 2010 WL 3719314, *12 (E.D. Cal. Sept. 16, 2010).

Plaintiffs allege that they have "lost money" as a result of Wells Fargo's excess interest, late fees, and other fees that plaintiffs would not have incurred without the excessive delay in reviewing plaintiffs' loan modification applications and responding to plaintiffs' requests.[10] Compl. ¶ 103. Yet, as noted, UCL claims are limited to restitution

---

[10] Though plaintiffs do not allege this in their complaint—and thus the Court may not consider it when analyzing the instant motion to dismiss—plaintiffs argue that they suffered "monetary losses in the form of postage required to send multiple notices of error and or request for information to Wells Fargo." Opp'n at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

or injunctive relief, and to show entitlement to restitution, plaintiffs must demonstrate that Wells Fargo is in possession of money or property taken from them. See Zeppeiro v. Green Tree Servicing, LLC, No. 14-CV-01336-MMM-JCX, 2015 WL 12660398, at *11 (C.D. Cal. Apr. 15, 2015), aff'd, 679 F. App'x 592 (9th Cir. 2017). Plaintiffs' allegations regarding actual damages must include harms caused by Wells Fargo's alleged RESPA violations, not harms "generally resulting" from plaintiffs' default. Smith v. Specialized Loan Servicing, LLC, No. 16-CV-2519-GPC-BLM, 2017 WL 1711283, at *5 (S.D. Cal. May 3, 2017). Absent allegations in the complaint that plaintiffs suffered out-of-pocket expenses *as a result* of Wells Fargo's alleged loan servicing failures under RESPA, the Court cannot conclude that plaintiffs' interest and late fees—which appear to result from their default—are sufficient to constitute injury. See, e.g., Smith, 2017 WL 1711283, at *8 (finding that plaintiff sufficiently alleged "actual damages" arising under RESPA when plaintiff spent considerable *time, effort, and administrative costs* pursuing the loss mitigation process); Estrada v. Caliber Home Loans, Inc., 172 F. Supp. 3d 1108, 1117 (C.D. Cal. 2016) (finding plaintiff sufficiently alleged UCL standing when she asserted that defendants failed to credit a $43,439 lump-sum payment to her balance, and that she was forced to make higher monthly payments on her loan as a result of defendant's alleged UCL violations). Without allegations indicating that plaintiffs suffered a redressable injury as a result of the alleged RESPA violations, plaintiffs fail to demonstrate their entitlement to restitutionary relief.[11] See Zeppeiro, 2015 WL 12660398, at *9.

Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss plaintiffs' UCL claims insofar as plaintiffs fail to allege facts demonstrating an injury that is redressable through a restitutionary remedy.[12] Plaintiffs shall have leave to amend to address the deficiencies identified regarding redressable injury and their entitlement to restitution.

---

[11] The Court invited oral argument as to plaintiffs' entitlement to restitution. At the hearing, plaintiff's counsel repeated the complaint's allegations that plaintiffs are entitled to restitution insofar as they have been forced to pay excess interest and late fees.

[12] In its tentative order, having assumed that relief was available under the UCL, the Court also addressed the adequacy of plaintiffs' allegations under the three prongs of the UCL. However, in light of the Court's order, it need not reach those issues at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-7354-CAS(ASx) | Date | March 5, 2018 |
|---|---|---|---|
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Wells Fargo's motion to dismiss as to plaintiffs' first claim for violation of the ECOA.

The Court **DENIES** Wells Fargo's motion to dismiss plaintiffs' second and third RESPA claims for violations of section 1024.41 and sections 1024.35 and 1024.36.

The Court **GRANTS** Wells Fargo's motion to dismiss plaintiffs' fourth claim for negligence.

The Court **GRANTS** Wells Fargo's motion to dismiss plaintiffs' fifth claim for violation of the UCL.

Plaintiffs may file an amended complaint addressing the deficiencies identified herein within **thirty (30)** days of the date of this order.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |