UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
|---|---|---|---|
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Eric Mercer (By Telephone) | David Newman |

**Proceedings:**     DEFENDANT'S MOTION TO DISMISS (Dkt. 26, filed April 18, 2018)

## I. INTRODUCTION

On October 6, 2017, plaintiffs Walter H. Hackett, III and Lorinda D. Hackett filed the instant action against defendants Wells Fargo Bank, N.A. ("defendant"), and Does 1 through 10 inclusive, alleging that Wells Fargo failed to properly review plaintiffs' requests for loan modifications. Dkt. 1.

On January 22, 2018, Wells Fargo filed a motion to dismiss, dkt. 11. On March 5, 2018, the Court granted in part and denied in part Wells Fargo's motion, and provided plaintiffs leave to amend. Dkt. 24.

On April 4, 2018, plaintiffs filed a first amended complaint ("FAC"). Dkt. 25. Plaintiffs assert claims for (1) violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d)(1); (2) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f), 12 C.F.R. §§ 1024.41, 1024.35, 1024.36; (3) negligence in violation of Cal. Civ. Code § 1714; and (4) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200. See FAC.

On April 18, 2018, Wells Fargo filed a motion to dismiss plaintiffs' ECOA, negligence, and UCL claims. Dkt. 26 ("Motion"). On the same day, Wells Fargo filed a request for judicial notice. Dkt. 27 ("Def. RJN"). Plaintiffs filed an opposition on June 4, 2018, dkt. 28 ("Opp'n"), and the same day filed a request for judicial notice, dkt. 29 ("Plf. RJN"). On June 11, 2018, Wells Fargo filed a reply. Dkt. 30 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

On June 25, 2018, the Court held a hearing. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts.

Plaintiffs maintain their principal and family residence at the real property located at 3316 East Hiltonia Drive, West Covina, California 91792 (the "Subject Property"). FAC ¶¶ 6–7. Wells Fargo is the current servicer of plaintiffs' mortgage with respect to the Subject Property. Id. ¶ 8.

In June 2006, plaintiffs refinanced their original loan with respect to the Subject Property, and the refinance is the "Subject Loan" of this action.[1] Id. ¶¶ 23–24. Beginning in the summer of 2006, plaintiffs allege that W. Hackett was "summarily terminated" by his employer and thereafter sought various types of work as a banking consultant and as an attorney. Id. ¶ 27. Due to a significant reduction in income, plaintiffs sought bankruptcy protection and filed a Chapter 13 petition in July 2010 after missing two mortgage payments. Id. ¶ 28–31. In August 2010, plaintiffs allege that they began making their regular monthly payments "directly to Wells Fargo," and that the bankruptcy action included "only the two months['] arrears." Id. ¶ 32.

Plaintiffs' July 2010 petition was dismissed. Id. ¶ 34. Plaintiffs filed a second Chapter 13 petition in October 2010—which was also dismissed—and plaintiffs filed a third and final Chapter 13 petition in May 2012.[2] Id. ¶¶ 35–37.

Plaintiffs assert that they contacted Wells Fargo in January 2013 and requested review for a loan modification. Id. ¶ 40. Wells Fargo offered plaintiffs a temporary modification, but plaintiffs informed them telephonically and in writing that they would need the loan to be permanently modified in order to keep the loan current. Id.

In January 2013, plaintiffs allegedly sought a permanent modification of the subject loan with assistance from their bankruptcy attorney, and they allege that they

---

[1] Plaintiffs do not identify the original loan and when it originated.
[2] The FAC alleges that the first two bankruptcy petitions were dismissed due to "errors made by counsel unknown to [p]laintiffs" and after their counsel "suffered an emotional breakdown." FAC ¶ 34, 36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

were current on their mortgage obligations at the time of this application. Id. ¶ 41. Wells Fargo allegedly failed to respond in writing within 30 days after receipt of the application. Id. Plaintiffs allege that in a letter dated October 3, 2013, Wells Fargo advised plaintiffs that its investor would not permit permanent modification of loans. Id. ¶ 42. Plaintiffs believe that this representation is false, and that there is no investor restriction on loan modification under the Home Affordable Modification Program ("HAMP"). Id.

In a separate October 3, 2013 letter, Wells Fargo allegedly offered a "Forbearance Agreement," which called for three payments of $1,543.77 beginning November 14, 2013. Id. ¶ 44. Plaintiffs executed this agreement and allege that they made all payments in accordance with the Forbearance Agreement for four additional months. Id. In April 2014, Wells Fargo allegedly offered a six-month temporary loan modification, and plaintiffs made timely payments under this modification. Id. ¶ 46. As a result, plaintiffs allege that by May 2014, they "became current"[3] under their mortgage obligations. Id. ¶ 47. Nonetheless, plaintiffs allege that they "continued making the bankruptcy plan payments that included two months of arrears because there was no change in the bankruptcy plan," and that as a result, they "made overpayments on the mortgage in approximately $6,000." Id. ¶ 48.

In February 2015, plaintiffs received an early discharge from the bankruptcy because they satisfied all of their debts when they applied retirement savings to the debt. Id. ¶ 49. Plaintiffs allege that they continued making their regular monthly mortgage payments—as they had every month from August 2010 to the present—directly to Wells Fargo. Id. ¶ 50.

In June 2015, plaintiffs again requested a permanent loan modification because W. Hackett allegedly suffered brain damage and was unable to work as an attorney or as a banker. Id. ¶ 51. In July 2015, plaintiffs submitted all information requested by Wells Fargo to determine whether they qualified for a loan modification—yet plaintiffs allege that Wells Fargo failed to respond within thirty days or at any other time. Id. ¶ 52. Plaintiffs allege they were current on their mortgage obligations at the time of this

---

[3] Given plaintiffs' allegations that they were current on their mortgage obligations at the time of the January 2013 application for loan modification, FAC ¶41, and that plaintiffs "made all regular monthly payments" until October 2013, id. ¶ 43, it is unclear whether plaintiffs were in default between October 2013 and May 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
|---|---|---|---|
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

application. Id. Furthermore, plaintiffs allege that Wells Fargo failed to evaluate and make a determination of plaintiffs' loan modification applications—or, "applications for credit" as defined by 15 U.S.C. section 1691a(d)—within 30 calendar days. Id. ¶¶ 65–75.

Plaintiffs allege that they sent requests for information ("RFI") to Wells Fargo on January 29, 2016 and in late February 2016, and that Wells Fargo failed to properly respond to these requests. Id. ¶¶ 53–60.

Plaintiffs allege that they have been attempting to obtain a fair review for loan modification from defendants for almost four years, yet Wells Fargo has reacted with "disdain, inaction, obfuscation, and apathy." Id. ¶ 62.

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
|---|---|---|---|
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss v. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Requests for Judicial Notice

Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Mullis v. U. S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

#### 1. Wells Fargo's Request

Wells Fargo requests that the Court judicially notice a true and correct copy of the Deed of Trust concerning the Subject Property, which was recorded in the official records of the Los Angeles County Recorder's Office on June 13, 2006. Def. RJN & Ex. A. Wells Fargo also requests that the Court judicially notice the "Chapter 13 Standing Trustee's Final Report and Account," which is alleged to be a true and correct copy of an official record of the United States Bankruptcy Court. See Def. RJN & Ex. B. Plaintiffs do not oppose the requests.

A court may judicially notice matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Given that the Deed of Trust was recorded in the Los Angeles County Recorder's Office, and that the Trustee's report is a true and correct copy of an official record of the United States Bankruptcy Court, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

judicially notices these documents as public records whose accuracy may be readily determined. See Fed. R. Evid. 201(b)(2); Myles v. JPMorgan Chase Bank, N.A., No. 13-cv-09036-BRO-AGRx, 2013 WL 12084732, at *2 (C.D. Cal. Dec. 20, 2013) (judicially noticing true and correct copies of deeds of trust); Ng v. US Bank, N.A., No. 15-CV-04998-KAW, 2016 WL 6995884, at *3 (N.D. Cal. Nov. 30, 2016), aff'd sub nom. Ng v. U.S. Bank, N.A., 712 F. App'x 665 (9th Cir. 2018) (judicially noticing filings made in bankruptcy proceedings). Accordingly, Wells Fargo's request for judicial notice is granted.

### 2. Plaintiffs' Request

Plaintiffs request that the Court judicially notice portions of Supplemental Directives 09–01, 09–08, and 10-01 of HAMP Guidance, an opinion letter regarding application of ECOA to applications for loan modification, and the National Housing Law Project and the Housing and Economic Reform Advocate's request to the California Supreme Court to depublish Asipiras v. Wells Fargo Bank, N.A., No. S214297, 2014 Cal. LEXIS 399 (Jan. 15, 2014). Plf. RJN & Exs. 1–5. Wells Fargo does not oppose these requests.

The Court may judicially notice the HAMP Guidance and opinion letter as publicly available information whose accuracy cannot be reasonably questioned. See Cooksey v. Select Portfolio Servicing, Inc., No. 14-cv-1237-KJM-KJN, 2014 WL 4662015, at *3 (E.D. Cal. Sept. 18, 2014) (judicially noticing portions of Supplemental Directives of HAMP Guidance). Moreover, courts may judicially notice undisputed matters of public record—such as the request to depublish—on file in state courts. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (noting that a court may judicially notice filings in state court proceedings). As such, the Court grants plaintiffs' request for judicial notice.

### B. Wells Fargo's Motion to Dismiss

Wells Fargo contends that plaintiffs' claims asserting ECOA violations, negligence, and unfair business practices should be dismissed with prejudice. Motion at 1–2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

**1.    Plaintiffs' Claims for Violation of ECOA, 15 U.S.C § 1691(d)(1)**

Plaintiffs allege that they provided Wells Fargo with completed loan modification applications in January 2013 and July 2015, and that Wells Fargo failed to evaluate plaintiffs' applications and failed to respond to plaintiffs in writing within 30 calendar days in violation of ECOA.  FAC ¶¶ 41, 52.

ECOA requires that when a creditor takes adverse action with respect to an application for credit, "[w]ithin thirty days … after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application."  15 U.S.C. § 1691(d)(1).  Moreover, "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor."  15 U.S.C. § 1691(d)(2).  An "adverse action" is a "denial or revocation of credit, a change in the terms of existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested."  15 U.S.C. § 1691(d)(6).  In turn, "[c]redit means the right granted by a creditor to an applicant to defer payment of a debt, incur debt and defer its payment, or purchase property or services and defer payment therefor."  12 C.F.R. § 202.2(j). When a creditor fails to give the required notice of taking an adverse action on an application for credit, the applicant may sue for a violation of ECOA.  See Schlegel v. Wells Fargo Bank, N.A., 720 F.3d 1204, 1210 (9th Cir. 2013).

Wells Fargo argues that plaintiffs' claim under ECOA fails because plaintiffs did not apply for "credit" within the meaning of ECOA, and because they do not specifically plead that they sought to defer payment beyond what was already provided for in the loan documents.  Motion at 3–5.

In opposition, plaintiffs argue that applications for loan modifications are applications for "credit" for purposes of ECOA, and they contend that they alleged this in the amended complaint.  Opp'n at 8 (citing FAC ¶ 72).  Moreover, plaintiffs argue that the overwhelming weight of authority has found that applications for loss mitigation are applications for credit under ECOA.  Id. at 9 (citations omitted).

Here, plaintiffs allege in their complaint that their "applications for loan modification were applications for credit as defined by 15 U.S.C. § 1691a(d) and 12 C.F.R. § 202.2(j)."  FAC ¶ 72 (internal quotations omitted).   Plaintiffs' contention that their loan modification applications constituted applications for credit under ECOA comports with the conclusions of several Central District courts.  See Houman v. Wells

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

Fargo Bank, N.A., No. 15-cv-08740-AB-PLAx, 2016 WL 7444869, at *8 (C.D. Cal. Feb. 5, 2016) (ECOA's protection for credit applicants extend to those seeking loan modifications); Banks v. JP Morgan Chase Bank, N.A., Case No. 14-cv-6429-JAK-FFMx, 2014 WL 6476139 (C.D. Cal. November 19, 2014) (same). At this juncture, the Court is obligated to accept as true all of plaintiffs' material allegations, as well as all reasonable inferences drawn from them. In light of plaintiffs' allegations that they were not in default on their mortgage at the time of the loan modification applications, and given that their applications are alleged to be applications for credit as defined by ECOA, the Court concludes that plaintiffs sufficiently allege a claim for relief for purposes of ECOA. Accordingly, the Court **DENIES** Wells Fargo's motion to dismiss plaintiffs' ECOA claim.

### 2. Plaintiffs' Claim for Negligence

Plaintiffs allege that Wells Fargo had a duty to exercise reasonable care in considering plaintiffs' application for a loan modification, and that Wells Fargo created a "special relationship" with plaintiffs when it promised to perform a review for loan modification under HAMP and assured plaintiffs that they would receive a determination on their applications. FAC ¶¶ 110–115.

Wells Fargo argues that plaintiffs' claim for negligence fails because Wells Fargo did not owe plaintiffs a duty of care in connection with loan servicing, modification, and foreclosure, and it asserts that plaintiffs make conclusory allegations that their relationship with Wells Fargo involved a "special relationship." Motion at 5–10. In opposition, plaintiffs contend that California Court of Appeal authority provides that servicers owe a duty of care when a servicer voluntarily agrees to review a borrower for a loan modification, and they argue that the California Supreme Court would affirm this holding. Opp'n at 12–27.

The Court observes that plaintiffs' briefing appears to be in the nature of a motion for reconsideration of the Court's previous determination that, absent special circumstances, Wells Fargo did not owe plaintiffs a duty of care in reviewing its loan modification applications. In this district, motions for reconsideration are governed by Local Rule 7–18, which provides that

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18. Plaintiffs have not demonstrated any entitlement to a request for reconsideration of the Court's prior order insofar as they fail to cite (1) a material difference in fact or law that could not have been known to plaintiffs at the time of the Court's prior decision; (2) the emergence of new facts or new law since the Court's decision; or (3) a manifest showing of a failure to consider material facts presented to the Court. Moreover, plaintiffs' allegation that Wells Fargo created a special relationship with plaintiffs when it promised to undertake a review for loan modification does not implicate the range of circumstances identified by the Court in its prior order as special circumstances giving rise to a duty of care. See Dkt. 24 at 14–15.

For the same reasons articulated in the Court's previous order, and absent special circumstances or other facts giving rise to a duty of care, the Court finds that plaintiffs fail to state a claim for negligence. Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss and **DISMISSES with prejudice** plaintiffs' fourth claim for negligence.

### 3. Plaintiffs' Claims for Unfair Business Practices

Plaintiffs allege that Wells Fargo's conduct was unlawful under the UCL insofar as it violates ECOA and RESPA. FAC ¶ 119. Plaintiffs further allege that Wells Fargo's conduct was unfair insofar as Wells Fargo promised—but failed—to complete review of plaintiffs' applications for loan modifications, and that it "routinely made false statements" and failed to provide meaningful information, all in violation of the UCL. Id. ¶ 120. Plaintiffs assert that as a direct result of Wells Fargo's conduct, plaintiffs have been injured insofar as they have lost money through excess interest, late fees, and other fees for services, such as responding to telephone inquiries, processing telephone payments, and providing statements that plaintiffs would not have incurred but for Wells Fargo's delay. Id. ¶ 121.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

As noted in the Court's prior order, the UCL requires that plaintiffs suffer an injury "as a result of" unfair competition. Cal. Bus. & Prof. Code § 17204. "A plaintiff suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim." Marilao v. McDonald's Corp., 632 F. Supp. 2d 1008, 1012 (S.D. Cal. 2009) (citing Hall v. Time Inc., 158 Cal. App. 4th 847, 855 (2008)). "This statutory limitation requires that a plaintiff show he has suffered losses capable of restitution," as restitution and an injunction are the only remedies available for violation of the UCL. Small v. Mortgage Electronic Registration Systems, Inc., Nos. 09-cv-0458, 2:10-cv-0342, 2010 WL 3719314, *12 (E.D. Cal. Sept. 16, 2010).

Wells Fargo argues that plaintiffs lack standing to allege a UCL claim, and contends that plaintiffs fail to demonstrate that they lost money or property *as a result* of an alleged UCL violation. Motion at 11. Wells Fargo further contends that plaintiffs' vague allegation that it "charged excess interest, late fees, and other fees [that] [p]laintiffs would not have incurred but for defendant's excessive delay" was the same allegation that the Court deemed insufficient in its prior order. Reply at 6–7.

In opposition, plaintiffs contend that the facts in the amended complaint demonstrate that plaintiffs were "deprived of late fees and other default fees," and that accordingly, plaintiffs have suffered an injury-in-fact sufficient to allege standing under the UCL. Id. at 28–29 (citing FAC ¶ 121).

Though at first blush plaintiffs' allegation concerning excess interest and late fees seems unchanged from the initial complaint, key to the Court's prior conclusion that plaintiffs had not alleged damages for purposes of the UCL was that plaintiffs' assertions of "excess interest, late fees, and other fees" appeared to be premised on plaintiffs' own default.[4] This time around, however, plaintiffs explain that they were *not* in default. As such, plaintiffs clarify that Wells Fargo's "charged excess interest, late fees, and other fees" is a direct result of Wells Fargo's alleged ECOA and Real Estate Settlement

---

[4] See prior order, dkt. 24, "[a]bsent allegations in the complaint that plaintiffs suffered out-of-pocket expenses *as a result* of Wells Fargo's alleged loan servicing failures under RESPA, the Court cannot conclude that plaintiffs' interest and late fees—which appear to result from their default—are sufficient to constitute injury." (Citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-7354-CAS(ASx) | Date | June 25, 2018 |
| Title | WALTER H. HACKETT, III ET AL. v. WELLS FARGO BANK, N.A. | | |

Procedures Act ("RESPA") violations. FAC ¶ 121. Because plaintiffs' allegations, to demonstrate standing, must demonstrate harms caused by Wells Fargo's alleged RESPA and ECOA violations, the Court concludes that plaintiffs' allegations are sufficient in this regard. Smith v. Specialized Loan Servicing, LLC, No. 16-CV-2519-GPC-BLM, 2017 WL 1711283, at *5 (S.D. Cal. May 3, 2017) (concluding that plaintiff sufficiently alleged UCL standing for marked up charges, excessive fees, and incurred administrative costs due to defendant's failure to properly comply with the loss mitigation regulations under RESPA.).

Accordingly, the Court **DENIES** Wells Fargo's motion to dismiss plaintiffs' UCL claim for lack of standing.

## V.    CONCLUSION

In light of the foregoing, the Court **DENIES** Wells Fargo's motion to dismiss as to plaintiffs' first claim for violation of the ECOA.

The Court **DISMISSES with prejudice** plaintiffs' fourth claim for negligence.

The Court **DENIES** Wells Fargo's motion to dismiss plaintiffs' fifth claim for violation of the UCL.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |